UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH MURRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 15 C 4684 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

After pleading guilty to distribution of cocaine and possession of a firearm by a felon, Keith Murray received concurrent sentences of 132 and 120 months. Murray now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting that he received ineffective counsel because his attorney, Frederick F. Cohn, submitted a privileged attorney-client communication to the sentencing court, resulting in an increased sentence [1]. The Government argues that it was Murray, rather that Cohn, who provided this information to the sentencing court, and, therefore, there was no ineffective assistance of counsel. This Court dismisses Murray's petition because he has not shown Cohn acted in a way that provided Murray ineffective assistance of counsel, and the Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

The Government indicted Murray for distribution of cocaine under 28 U.S.C. § 846 and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Represented by Cohn, Murray pleaded guilty to both counts without a plea agreement. Subsequent to Murray's plea, he and the Government disputed his prior convictions within 15 years of the relevant conduct. The

Government submitted a Presentence Investigation Report ("PSR") that outlined Murray's previous convictions, consisting of a history of drug dealing, and discussed Murray's post-arrest statement in which he admitted to this history. In response to the PSR, Murray filed his Objections to the PSR ("Objections") contesting the Government's position regarding his relevant conduct. Cohn filed the Objections on Murray's behalf—the Objections include a certificate of service signed by Cohn. The Government contested many of Murray's arguments made in the Objections, but it credited Murray with acceptance of responsibility.

After filing the Objections but before the Government's response, Murray submitted a document titled Defendant Murray's Sentencing Memorandum ("Sentencing Memorandum"), stating that he was filing it "by and through his own means with due deference to his attorney, Frederick H. [sic] Cohn," and signing the certificate of service himself. Criminal Record ("C.R.") 41. In the Sentencing Memorandum, Murray denied his post-arrest statement admitting to a history of drug dealing and instead argued that the post-arrest statement was an "embellished work of fiction by over zealous government agents." C.R. 41 at 3. In response to the Sentencing Memorandum, the Government argued that given Murray's comments in the Sentencing Memorandum, he no longer qualified for a sentencing reduction for acceptance of responsibility.

At Murray's sentencing, the sentencing court found that Murray had not accepted responsibility and denied Murray a reduction for acceptance of responsibility. Murray's base offense level was 32 because of the quantity of controlled substances involved and Murray's prior relevant conduct. Under Guideline § 2D1.1(b)(1), the sentencing court added two levels based on Murray's use of a dangerous weapon and decided that Murray's criminal-history warranted a category of VI, which allowed for an imprisonment range of 262 to 327 months.

Subsequently, the sentencing court sentenced Murray to 132 months imprisonment on Count One and 120 months for Count Two, to run concurrently.

Murray timely appealed his conviction and sentence. The Seventh Circuit dismissed the case, stating that examining the district court's guideline calculations would be frivolous. Murray later moved for a reduction in his term of imprisonment under 18 U.S.C. § 3582(c), on the basis of a retroactive application of a lower sentencing guideline range. As a result, the sentencing court resentenced Murray to 106 months of custody on Count One.

## LEGAL STANDARD

28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the Court finds that the convicted defendant is entitled to relief then "the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, if the Court finds that, based upon the motion and record of the case, that the prisoner is conclusively not entitled to relief, then the Court is permitted to dismiss the motion. *Id.*; s*ee also Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004); *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010); *see also Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.* The movant must

provide more than unsupported assertions for the Court to grant further investigation. *Lafuente*, 617 F.3d at 946.

## ANALYSIS

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. Under the Sixth Amendment, defendants are entitled to the assistance of counsel who provide a threshold standard of representation to ensure a fair trial. *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Thus, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). If a convicted defendant believes that they have not received their right to effective assistance of counsel at trial, they may seek remedy under 28 U.S.C. § 2255 by showing: (1) "that counsel's performance was deficient" and (2) that counsel's "deficient performance prejudiced their defense." *Strickland*, 466 U.S. at 687.

Murray argues that he received ineffective assistance of counsel because his attorney Cohn submitted to the sentencing court a privileged attorney-client communication, namely the Sentencing Memorandum. Murray must establish that Cohn's performance failed to meet an objective standard of reasonableness under professional norms. *Id.* at 687–88. To do so, Murray must establish the specific act or omission of Cohn that was deficient. *Id.* at 690. Murray contends that Cohn submitted a privileged attorney-client communication to the sentencing court, resulting in his public disclaimer of any post-arrest statements, which impacted that court's sentencing decisions regarding acceptance of responsibility and assistance to authorities. Murray alleges that Cohn asked him to send Cohn "any thoughts or concerns that he wanted him to review for possible inclusion in the memorandum," and so, because of Cohn's request, Murray

4

gave Cohn the Sentencing Memorandum as it was submitted to the sentencing court. Doc. 3 at 3; Doc. 9 at 2–3. Murray further alleges that because he gave this memorandum to his attorney in confidence, and his attorney in turn gave this document to the court without his consent, this demonstrates that Cohn performed deficiently as his counsel.

Action taken *by counsel* must fail to meet an "objective standard of reasonableness" under professional norms to support a claim of ineffective assistance of counsel. *Strickland*, U.S. at 667-88. Murray instead only points to actions that he took himself. Clearly, Murray submitted the Sentencing Memorandum to the sentencing court because Murray signed the certificate of service, the Sentencing Memorandum stated that he submitted it "through his own means," and he served it on both the Government and his own attorney, Cohn. C.R. 41 at 1, 17. Conversely, Cohn submitted the Objections as indicated by the certificate of service of the Objections, which he signed, and the Objection's first paragraph, which states "[n]ow comes defendant, Keith Murray, by his attorney, Frederick F. Cohn." C.R. 38 at 1, 13. The opening paragraphs and the certificates of service clearly show that Murray submitted the Sentencing Memorandum, not Cohn.

Murray has not identified any actions that Cohn took that demonstrate deficient performance as counsel. *Cf. Griffin v. United States*, 109 F.3d 1217, 1219 (7th Cir. 1997) (finding deficient attorney performance where defendant's attorney refused to file an appeal and suggested filing a motion that could not be filed by a defendant). Instead, he has described his own faulty actions. Because he, not Cohn, submitted the documents that are the source of his challenge, Murray has not articulated an action by Cohn that supports a claim of ineffective

assistance of counsel. The Court therefore finds that Murray's argument has no merit and dismisses his petition.[1]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). The requirement of a certificate of appealability is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds that there can be no showing of a substantial constitutional question for appeal, as reasonable jurists would not find this Court's ruling debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Accordingly, the Court declines to issue a certificate of appealability.

---

[1] The Court need not analyze whether counsel's performance was prejudicial because Murray has failed to establish that it was deficient—because Murray must prove both elements to succeed on his claim, further analysis regarding prejudice is unnecessary. *Strickland*, 466 U.S. at 687; *Griffin*, 109 F.3d at 1219.

## CONCLUSION

For the foregoing reasons, the Court denies Murray's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1] and declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

Dated: December 10, 2018

_____
SARA L. ELLIS
United States District Judge